UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WARREN DEAN MAKO, individually and as personal representative of the ESTATE OF DONNA MAKO,

Plaintiff,

v.

BURLINGTON NORTHERN & SANTA FE RAILROAD, a corporation; NATIONAL RAILROAD PASSENGER CORPORATION AND SUBSIDIARIES, a.k.a. AMTRAK, a National Railway Passenger Corporation; COUNTY OF COWLITZ, a municipal entity in the State of Washington,

Defendants.

Case No. C07-5346FDB

ORDER GRANTING DEFENDANT COWLITZ COUNTY'S MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

This cause of action arises the July 3, 2006 collision of Donna Mako's automobile with a south-bound Amtrak train after she stopped to allow a north-bound Union Pacific freight train to pass on the first set of tracks in front of her vehicle. After the Union Pacific train, going north on the first set of tracks passed Donna Mako, she drove forward across the first set of tracks to the second set of tracks where her car was struck by the south-bound Amtrak passenger train.

At the time of the accident, Donna Mako (and her three passengers) were on Dwight Road

ORDER - 1

heading west to return to the Mako home. Dwight Road is a Cowlitz County road that is .19 of a mile long from Barnes Drive ending at the eastern boundary of the railroad right-of-way. (Stone Decl. ¶ 6.) As one enters Dwight Road heading west, as Donna Mako was when she was returning to the Mako home on the day of the accident, one first encounters a "Dead End" sign, then a 25 mph speed limit sign; next comes a Railroad crossing sign. *Id.* Finally, on the side of Dwight Road, adjacent to the railroad tracks there is a sign stating "End of County Road" and a "Stop" sign. *Id.* These signs were put in place between 1973 and 1978. *Id.* The road that continues on the west side of the railroad tracks is not property of Cowlitz County, and this was so on July 3, 2006, the time of the accident. *Id.* ¶ 4. Warren and Donna Mako accessed their property by traveling down Dwight Road, passing over the railroad crossing, then driving to their home on a private road shared with other adjacent property owners.

Cowlitz County moves for summary judgment on the basis that there is no genuine issue as to any material fact that the County did not owe a duty of care to Plaintiff's decedents since it did not own or control the railroad crossing involved in the accident in this case, and that Cowlitz County is entitled to judgment as a matter of law. Plaintiff opposes the motion.

The Court having read and considered the memoranda, authorities, and exhibits submitted by the parties is fully informed and grants Cowlitz County's motion.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an

ORDER - 2

element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**APPLICABLE LAW**

Plaintiff alleges negligence as to all defendants and specifically as to Cowlitz County (as well as BNSF), alleges negligent failure to maintain a reasonably safe grade crossing.

In a tort claim for negligence under Washington law, a plaintiff must establish the existence of a duty owed to him by the defendant, a breach of that duty, and damages proximately caused by that breach. *Hertog v. City of Seattle,* 138 Wn.2d 265, 275 (1999); *Laymon v. Dep't. Of Natural Resources*, 99 Wn. App. 518 (2000). An action for negligence does not lie if a plaintiff cannot establish that the defendant owed a duty of care to that plaintiff. *McCluskey v. Handorff-Sherman*, 125 Wn.2d 1 (1994). Duty is defined as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Transamerica Title Ins. Co. v. Johnson*, 103 Wn.2d 409, 413 (1985)(*citing W. Prosser on Torts*, sec. 53, at 311 (3rd ed. 1964)). It is a matter of law for the court to decide preliminarily whether a defendant owed a duty of care to the plaintiff. *Hertog*, 138 Wn.2d at 275; *Keller v. City of Spokane*, 146 Wn.2d 237 (2002.

It is a legal duty of a state, county, or city "to build and maintain its roadways in a condition that is reasonably safe for ordinary travel." *Keller* 146 Wn. 2. At 249. This duty is a form of premises liability. In traditional premises liability cases, possession and control of property are primary considerations in determining whether a duty of care exists. *See Gildon v. Simon Property Group, Inc.*, 158 Wn.2d 483, 496 (2006). Additionally, "[t]he majority of jurisdictions do not impose a duty upon landowners to protect people on their land from dangers on adjacent land." *McMann v. Benton County, Angeles Park Communities, Ltd.*, 88 Wn. App. 737, 742-43 (1997).

ORDER - 3

**DISCUSSION**

Cowlitz County did not own, possess, or control the property – the railroad tracks – where the accident occurred, nor did it own, possess, or control the property on the west side of the railroad tracks. Cowlitz County owns the portion of Dwight Road running from Barnes Drive to the eastern edge of the railroad right of way. As stated by Kenneth C. Stone[1] in his declaration, "As of July 3, 2006, Dwight Road met or exceeded the design criteria for roads of its classification in terms of pavement width, condition and markings. In addition, the signs posted along the County-owned portion of Dwight Road were proper in terms of the information and warnings they provided and the regulations they imposed." (Stone Decl. ¶ 7.) On the day of the accident, the County-owned portion of Dwight road was reasonably safe for ordinary travel. Cowlitz County did not build, own, maintain, possess, or control the private railroad crossing where the Mako accident happened, and it had no duty of care as to the railroad right-of-way, the railroad crossing itself, or the private road beyond the crossing.

Plaintiff first argues that the roadway on the west side of the crossing is a county road under RCW 36.75.080, which provides that "All public highways in this state, outside incorporated cities and towns and not designated as state highways which have been used as public highways for a period of not less than ten years are county roads ...." Plaintiff notes that Mr. Stone [whose declaration is referenced above] acknowledged that Dwight Road has been on the west side of the railroad crossing and open to public travel since 1970.

Plaintiff second argues that Cowlitz County knew of the inherent danger of the railroad crossing and placed an advance warning sign of the crossing, although it did not indicate a double-

---

[1] Custodian of Cowlitz County Department of Public Works' business records; currently Cowlitz County Director of Asset Management and Sustainability; continuously employed by Cowlitz County since 1974, serving in several positions including County Engineer and Director of Public Works in which he was responsible for all County road construction, maintenance, operation, signing, and related matters.

ORDER - 4

track crossing. Plaintiff argues that because Cowlitz County undertook to warn the public of the railroad crossing hazard on Dwight Road, it had a duty to do so in a non-negligent fashion.

Plaintiff's arguments lack merit because first, RCW 36.75.080 additionally provides "That no duty to maintain such public highway nor any liability for any injury or damage for failure to maintain such public highway or any road signs thereon shall attach to the county until the same shall have been adopted as a part of the county road system by resolution of the county commissioners." There is no evidence that Cowlitz County has adopted the roadway west of the railroad crossing. Kenneth Stone has stated, however, in his detailed explanation of the history of this roadway that "Thus, Cowlitz County did not acquire the area of the crossing on the railroad right-of-way or any part of the road built by the State west of the eastern boundary of the railroad right-of-way. That condition existed at the time of the Mako accident, and it continues today." (Stone Decl. ¶ 4.) Stone also stated, "Cowlitz County does not own or control the road or private railroad crossing west of the easterly line of the Burlington Northern Santa Fe Railroad (BNSFRR) right-of-way at the end of Dwight Road." *Id.* at ¶ 6.

Second, Plaintiff's argument that by placing the signs along Dwight Road east of the railroad right-of-way Cowlitz County assumed a duty of care as to the crossing is unsupported. Moreover, as Cowlitz County points out, voluntary assumption of a duty through affirmative conduct can give rise to liability if the undertaking is not performed with reasonable care, and the affirmative conduct itself must contribute to the claimed injury. Plaintiff apparently contends that the railroad crossing sign should have warned of two tracks. Kenneth Stone stated:

> In addition, the signs posted along the County-owned portion of Dwight Road were proper in terms of the information and warnings they provided and the regulations they imposed. The speed limit of 25 miles per hour was proper for the classification of road involved. The "Stop" sign at the railroad crossing itself was proper for that location, although that sign was not installed or maintained by Cowlitz County. In short, on the day of the accident which is the subject of this case, the County-owned portion of Dwight Road was reasonably safe for ordinary travel.

(Stone Decl. ¶ 7) Cowlitz County properly provided information upon its own road and did not

ORDER - 5

assume the duty to regulate the crossing itself or travel to the west of it.

As to Plaintiff's motion to strike portions of Cowlitz County's reply memorandum, it is without merit. Cowlitz County argued in its motion that it had no duty as to the privately owned railroad crossing where the accident occurred or as to the private road west of that crossing and it pointed out that the portion of Dwight Road owned by Cowlitz County was reasonably safe for ordinary travel as discussed above. Cowlitz County properly replied to Plaintiff's arguments in its opposition to summary judgment, and the motion will be denied.

**CONCLUSION**

Cowlitz County maintained Dwight Road up to the railroad right-of-way where the Mako accident happened in a manner that made it safe for ordinary travel. Cowlitz County had no duty of care relative to the railroad right-of-way, the railroad crossing itself, or the private road beyond these areas. There being no genuine issue of material fact, Cowlitz County is entitled to judgment as a matter of law.

NOW, THEREFORE, IT IS ORDERED: Cowlitz County's Motion for Summary Judgment [Dkt. # 40] is GRANTED; Plaintiff's Motion To Strike Portions of Cowlitz County's Reply in Support of Summary Judgment [Dkt. # 52] is DENIED.

The Clerk should not enter judgment at this time, as claims against other defendants remain.

DATED this 7th day of January, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6