# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

WARREN DEAN MAKO, individually and as personal representative of the ESTATE OF DONNA MAKO,

Plaintiff,

v.

BURLINGTON NORTHERN & SANTA FE RAILROAD, a corporation; NATIONAL RAILROAD PASSENGER CORPORATION AND SUBSIDIARIES, a.k.a. AMTRAK, a National Railway Passenger Corporation; COUNTY OF COWLITZ, a municipal entity in the State of Washington,

Defendants.

Case No. C07-5346FDB

ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL EXPERT DISCLOSURE

Defendants Burlington Norther & Santa Fe Railroad (BNSF) and National Railroad Passenger Corporation (Amtrak) (collectively, the Railroads) move to strike Plaintiff's supplemental trial expert disclosure of Robert W. Moss, served on December 18, 2008, as untimely under the Court's scheduling order and also failing to conform to requirements of FRCivP 26(a)(2)(C) regarding proper disclosure of trial experts, as no signed report signed by Mr. Moss was submitted.

Trial expert disclosures were due September 8, 2008, extended by stipulated order of September 11, 2008 to October 8, 2008. [Dkt. # 37] On December 18, 2008, Plaintiff identified a new expert, Robert W. Moss. Trial is scheduled March 16, 2009.

ORDER - 1

The Railroads argue that FRCivP 26 does not provide for expert disclosures after the date set by the Court. Plaintiff's supplemental disclosure states that Mr. Moss's report will be provided within the next ten days, but discovery cutoff was December 31, 2008, and it cannot reasonably be expected that the Railroads could read, analyze, and conduct his deposition by the cutoff date. Also, Plaintiff stated in his June 9, 2008 deposition that he was not making a claim for economic damages. Although early on, the Railroads did identify an economist and a vocational rehabilitation expert as possible expert witnesses, the Railroads have not asked them to perform any work because Plaintiff has not presented any evidence of an economic loss claim. Plaintiff's discovery responses have not included any economic information such as income tax returns.

Plaintiff opposes the motion arguing that the expert does not present a new liability theory, but an ordinary damage assessment; the Railroads have identified an economist, and the parties had focused discovery on liability; thus Plaintiff asked that the Court exercise discretion to allow Mr. Moss's testimony. Plaintiff appends his report of the economic loss from the death of Donna K. Mako, Plaintiff's wife, and calculates the loss of her household services. Mr. Moss calculates the loss of Laura Mako, his 17-year old daughter, according to the lost earning potential as an average female high school graduate.

The Railroads note that Plaintiff's opposition was filed late and should not be considered. Nevertheless, the Railroads also note that Plaintiff does not dispute the untimeliness of the disclosure of their economist. This tardiness in the face of representations to the contrary as to claiming any economic loss at all is not just a "minor inconvenience" in light of the fact that Plaintiff's expert is going to opine that Plaintiff is entitled to more than $600,000 in economic loss damages. With discovery closed on December 31, 2008, and trial of this matter set for March 16, 2009, there is no opportunity for Defendants to engaged in discover or prepare a rebuttal of Mr. Moss's opinions.

The tardy submission of Mako's economic expert as well as his report – without good cause and contrary to his earlier representations – is at odds with the Court's orders and the spirit of the

ORDER - 2

rules.  Under all the circumstances, the motion of Amtrak and BNSF to strike this supplemental disclosure must be granted.

NOW, THEREFORE, IT IS ORDERED: The Motion of Amtrak and BNSF to Strike Plaintiff's Supplemental Trial Expert Disclosure [Dkt. # 50] is GRANTED and Plaintiff's untimely disclosed expert Robert W. Moss is excluded from testifying in this case.

DATED this 22nd day of January, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3